*Filed in Open Court on 3-19-09*
*Kel*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

UNITED STATES OF AMERICA         PLAINTIFF

v.         CRIMINAL NO. 4:09MJ-4-ERG

GAME TRAILS, LLC         DEFENDANT

### PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the United States of America, by Candace G. Hill, Acting United States Attorney for the Western District of Kentucky, and defendant, GAME TRAILS, LLC, and their attorney, John Tilley, have agreed upon the following:

1. Defendant acknowledges that the Corporation has been charged in the Misdemeanor Information filed in the case with a violation of Title 16, United States Code, Sections 3372(a)(2)(A) and 3373(d)(2).

2. By resolution, the Board of Directors acknowledges having read the charges in this plea agreement and authorizes John Tilley to act in its behalf at a plea of guilty to the charges.

3. Game Trails, LLC will enter a voluntary plea of guilty to Count 1 in this case. Defendant will plead guilty because it is in fact guilty of the charge. The parties agree to the following factual basis for this plea:

1

Between June 1, 2006 and November 30, 2007, in the Western District of Kentucky, Union County, Kentucky, and elsewhere Game Trails, LLC, through its agents took deer in violation of Kentucky law and transported those deer in interstate commerce between Kentucky and Georgia. Game Trails agents took deer in excess of the legal limits and falsely reported the takings via the telecheck system to Kentucky Fish & Wildlife as having been taken by persons who were licensed hunters and within the legal limits when they were not.

4. Defendant understands that the charge to which it will plead guilty carries a maximum fine of $200,000 under the Alternative Fines Act, 18 U.S.C § 3571(c)(5) for organizations.

5. Defendant understands that by pleading guilty, it surrenders certain rights set forth below. Defendant's attorney has explained those rights and the consequences of a waiver of those rights, including the following:

A. If defendant persists in a plea of not guilty to the charge, the Corporation has the right to a public and speedy trial. The trial could either be a jury trial or a trial by the judge sitting without a jury. If there is a jury trial, the jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent and that

2

they could not convict unless, after hearing all the evidence, it was persuaded of defendant's guilt beyond a reasonable doubt.

    B.   At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and its attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence in its own behalf. If the witnesses for defendant would not appear voluntarily, it could require their attendance through the subpoena power of the Court.

7.   Defendant understands that the United States Attorney's Office has an obligation to fully apprise the District Court and the United States Probation Office of all facts pertinent to the sentencing process, and to respond to all legal or factual inquiries that might arise either before, during, or after sentencing. Defendant admits all acts and essential elements of the indictment counts to which it pleads guilty.

8.   Defendant acknowledges liability for the special assessment mandated by 18 U.S.C. § 3013 and will pay the assessment in the amount of $125 to the United States District Court Clerk's Office **by** the date of sentencing.

9.  At the time of sentencing, the United States will

-agree that a fine of $35,000 is appropriate in the case and is due and payable on the date of sentencing.

-agree that a reduction of 2 levels below the otherwise applicable Guideline for "acceptance of responsibility" is appropriate as provided by §3E1.1(a).

10. Both parties have independently reviewed the Sentencing Guidelines applicable in this case, and in their best judgment and belief, conclude as follows:

A.  The Applicable Offense Level should be determined as follows:

| | |
|---|---:|
| Offenses involving Fish, Wildlife & Plants U.S.S.G. § 2Q2.1(a) | 6 |
| Committed for Commercial Gain (b)(1)(A) more than $10,000 but less than $30,000 | +4 |
| Acceptance of Responsibility U.S.S.G. § 3E1.1 | -2 |
| Total Offense Level | 8 |

11. Defendant is aware of its right to appeal its conviction and that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed.  The Defendant knowingly and voluntarily waives the right.  Defendant understands and agrees that nothing in this plea agreement should be construed as a waiver by the United States of its right to appeal the sentence under 18 U.S.C. § 3742.

12. Nothing in this Agreement shall protect defendant in any way from prosecution for any offense committed after the date of this Agreement. Should defendant be charged with any offense alleged to have occurred after the date of this Agreement, the information disclosed to the United States could be used against defendant in any such prosecution.

13. Defendant agrees to interpose no objection to the United States transferring evidence or providing information concerning defendant and this offense, to other state and federal agencies or other organizations, including, but not limited to the Internal Revenue Service, other law enforcement agencies, and any licensing and regulatory bodies, or to the entry of an order under Fed. R. Crim. P. 6(e) authorizing transfer to the Examination Division of the Internal Revenue Service of defendant's documents, or documents of third persons, in possession of the Grand Jury, the United States Attorney, or the Criminal Investigation Division of the Internal Revenue Service.

14. If the Court refuses to accept this agreement and impose a sentence in accordance with its terms pursuant to Fed. R. Crim. P. 11(c)(1)(C), this Agreement will become null and void and neither party shall be bound thereto, and defendant will be allowed to withdraw the plea of guilty.

15. Defendant agrees that the disposition provided for within this Agreement is fair, taking into account all

aggravating and mitigating factors. Defendant has informed the United States Attorney's Office and the Probation Officer, either directly or through his attorney, of all mitigating factors. Defendant will not oppose imposition of a sentence incorporating the disposition provided for within this Agreement, nor argue for any other sentence. If Defendant argues for any sentence other than the one it has agreed upon, it is in breach of this agreement. Defendant agrees that the remedy for this breach is that the United States is relieved of its obligations under this Agreement, but Defendant may not withdraw its guilty plea because of its breach.

16. This document states the complete and only Plea Agreement between the United States Attorney for the Western District of Kentucky and defendant in this case, and is binding only on the parties to this Agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified other than in writing that is signed by all parties or on the record in Court. No other promises or inducements have been or will be made to defendant in connection with this case, nor have any predictions or threats been made in connection with this plea.

CANDACE G. HILL
Acting United States Attorney

By: _____       3, 19. 2009
Randy Ream                        Date
Assistant U.S. Attorney

6

I am the defendant's counsel.  I have carefully reviewed every part of this Agreement with the Corporate Board of Directors.  I am authorized by resolution to act in the Corporations behalf at all Court Proceedings.

_____  
John Tilley, Counsel for  
Defendant Game Trails, LLC

3/19/09  
Date

CGH:RR:03/18/2009